UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC BACKLUND and<br>SHANNON BACKLUND,<br><br>                    Plaintiffs,<br><br>v.<br><br>MESSERLI & KRAMER, P.A. and<br>STEVE DOE,<br><br>                    Defendants. | Civil No. 12-808 (JRT/JJK)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

William T. Anderson, P.O. Box 1179, Chanhassen, MN 55317, for plaintiffs.

Jennifer M. Zwilling and Derrick N. Weber, **MESSERLI & KRAMER, PA**, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, for defendants.

Plaintiffs Eric and Shannon Backlund bring this action against Defendants Messerli & Kramer, P.A. ("M&K") and M&K's representative, Steve Doe ("Steve"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Defendants move to dismiss the Backlunds' amended complaint arguing that this Court lacks subject matter jurisdiction and that the Complaint fails to state a claim for relief. Defendants also move to strike some of the Backlunds' allegations pursuant to Federal Rule of Civil Procedure 12(f). The Court will deny the Defendants' Rule 12(b)(1) motion to dismiss and will exercise subject matter jurisdiction. The Court will also deny the Defendants' Rule 12(f) motion because it finds this extreme measure to

be inappropriate. The Court will grant in part and deny in part Defendants' Rule 12(b)(6) motion because it finds that the Backlunds state a claim for relief under 15 U.S.C. §§1692c(a)(2) and 1692f.

## BACKGROUND

After the Backlunds failed to make timely payments on a debt owed to Capital One Bank (USA), N.A. ("Capital One"),[1] M&K was hired to collect the money, and it made numerous attempts to contact the Backlunds. (Am. Compl. ¶¶ 7-8, May 11, 2012, Docket No. 8; Aff. of Jennifer M. Zilling, May 25, 2012, Ex. B, Stipulation of Settlement,[2] Docket No. 11.) On November 2, 2010 (while apparently unrepresented), Eric Backlund agreed to make ten monthly payments to Capital One via mail to M&K's business address. (Stipulation of Settlement ¶ 3.) The stipulation memorializing this agreement also included a Warrant of Attorney section which stated,

> In the event that the undersigned Defendant(s) [Backlund] default(s) on the agreement . . . and said default continues for a period of ten (10) days after mailing of notice to Defendant(s) at Defendant(s) last known address and Defendant's(s') attorney, if Defendant has been represented by counsel herein, and provided the attorney has also executed this agreement, then, in that event, Defendant(s) hereby authorize(s) and empower(s) irrevocably William C. Hicks of MESSERLI & KRAMER P.A., or any other attorney designed by Plaintiff [Capital One] . . . to confess judgment against Defendant(s) in favor of Plaintiff . . . .

---

[1] The debt was approximately $14,523.22. (Am. Compl. ¶ 8, May 11, 2012, Docket No. 8.)

[2] The Court finds that it may properly consider this stipulation in evaluating defendants' motion to dismiss because it is part of the public record. *See Porous Media Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

(*Id.* ¶ 5.)

Prior to March 31, 2011, the Backlunds retained William Anderson ("Anderson") to represent them in their bankruptcy filing and "with regards to legal issues related to debts". (Am. Compl. ¶ 9.) On March 31, 2011, Shannon Backlund called M&K and spoke to Steve, a representative of M&K. (*Id.* ¶¶ 10-11.) Steve confirmed Shannon Backlund's identity and began reviewing her file. (*Id.* ¶ 11.) When Shannon Backlund told Steve that she was calling to advise M&K that she and her husband were represented by an attorney, Steve informed her "once you have an attorney on record we can only speak to the attorney" and asked if she was sure she wanted to have an attorney on record. (*Id.* ¶¶ 12-13.) Shannon Backlund said that she did want an attorney on record, and Steve then asked her whether the attorney was for "debt negotiation purposes? Or bankruptcy purposes? Or what reason?" (*Id.* ¶ 19.) Shannon Backlund said that M&K would have to contact her attorney, and she provided Steve with the contact information of Anderson. (*Id.* ¶ 22.) The Backlunds state that as a result of this conversation Shannon Backlund "revoked any alleged prior consent that may have been given or obtained by Messerli & Kramer." (*Id.* ¶ 23.)

On May 10, 2011 and May 27, 2011, M&K sent Eric Backlund notices of default. (*Id.* ¶¶ 27-28.) Neither notice was sent to the Backlunds' attorney Anderson. (*Id.* ¶ 31.) Because no further payments on the debt were made, on September 9, 2011, default judgment was entered against Eric Backlund. (*See id.* ¶ 34.)

On or about November 14, 2011, M&K issued a garnishment summons to Eric Backlund's employer. (*See* Am. Compl. ¶ 35.) On November 14, 2011, Eric Backlund received a notice of wage withholding from his employer. (*Id.* ¶ 35.) Beginning on November 14, funds were garnished from Eric Backlund's wages. (*See id.* ¶ 41.) The parties contest whether Eric Backlund or Anderson was served with a notice of intent to garnish.

On November 30, 2011, the Backlunds filed for Chapter 7 bankruptcy. On March 22, 2012, they received a discharge. (*Id.* ¶ 40.) Although Eric Backlund's wages were garnished for several more weeks, he claims all but $886.90 withheld by the garnishment (in the 90 days prior to the filing of bankruptcy) was returned. (*Id.* ¶¶ 41-42.) The Backlunds assert that M&K has "on numerous occasions delayed or refused the return" of that $886.90. (*See id.* ¶¶ 48, 53.)

The Backlunds allege that M&K's phone and written communications with them on and after March 31, 2011 violated "numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(2)." (*Id.* ¶ 32.) The Backlunds further allege that by serving garnishment summons to Eric Backlund's employer without first serving him a notice of intent to garnish, M&K failed to comply with Minn. Stat. § 571.924 and "violated numerous and multiple provisions of the FDCPA, including but not limited to" 15 U.S.C. §§ 1692c(b), 1692d, 1692e, and 1692f. (*Id.* ¶ 39.) Finally, the Backlunds allege that M&K's failure to return the $886.90 garnished from Eric Backlund's wages is a violation of "numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f." (*Id.* ¶ 55.)

Defendants argue that the Backlunds have failed to state a claim on which relief can be granted because (1) M&K's communications with the Backlunds were lawful; (2) M&K sent Anderson a notice of intent to garnish; and (3) M&K never possessed Eric Backlund's garnished wages.[3]  Defendants also contend that this Court lacks subject matter jurisdiction over the Backlunds' claims regarding the notice to garnish and return of the garnished wages because the issue could be properly heard in the bankruptcy court.

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims.  *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008).  It is the plaintiff's burden to establish that jurisdiction exists.  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.* (quotation marks and citation omitted).  If the Court finds that jurisdiction is not present, it must dismiss

---

[3] Defendants also move to strike under Rule 12(f) some of the Backlunds' allegations as "false".  (*See* Def.'s Mem. in Supp. at 8, Docket No. 10.)  A motion to strike is the appropriate remedy to strike "redundant, immaterial, impertinent, or scandalous matter" – not allegations that another party believes to be untrue.  Fed. R. Civ. P. 12(f).  Such motions are an "extreme measure" and are viewed with disfavor.  *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  The Court will deny defendants' Rule 12(f) motion as inappropriate.

the matter. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

Defendants argue that because some of the Backlunds' claims could have been brought in the bankruptcy court, this Court has no subject matter jurisdiction. But the Backlunds plead only violations of the FDCPA, and neither party disputes that this Court properly has jurisdiction over this federal claim. *See* 15 U.S.C. § 1692(d). The Court concludes it may properly exercise subject matter jurisdiction, and it will deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

## II.   DEFENDANTS' MOTION TO DISMISS

### A.   Standard of Review

Reviewing a complaint on a Rule 12(b)(6) motion, the Court considers all facts alleged in the complaint as true, and construes the pleadings in the light most favorable to the non-moving party. *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At the motion to dismiss stage, the record for review before the Court is generally limited to the complaint, some matters that are part of the public

record, and any documents attached as exhibits that are necessarily embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### B.   Phone and Written Communications

The Backlunds allege that the phone call on March 31, 2011 and the notices of default on May 10, 2011 and May 27, 2011 each constituted unlawful communications with a represented party in violation of 15 U.S.C. §1692c(a)(2).  That section provides in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt – . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .

15 U.S.C. § 1692c(a)(2).

#### 1.   Phone Call

The Backlunds claim that 15 U.S.C. §1692c(a)(2) prohibited any comments Steve made during the phone call with Shannon Backlund (except to ask the name and contact information of her attorney) **after** she informed M&K that she was now represented.  The Court, construing the facts in the light most favorable to the Backlunds, finds that Steve's remarks are the type of communication prohibited by 15 U.S.C. § 1692c(a)(2): Shannon Backlund told Steve she was represented by counsel and Steve nevertheless continued to ask questions related to the collection of the debt.  Once a debtor discloses that he or she has an attorney, the collector could continue the conversation to confuse the debtor or to

interfere with the debtor's choice to seek counsel.  The FDCPA is designed to deter such conduct.  *See, e.g.*, *Peters v. Gen. Serv. Bureau*, 277 F.3d 1051, 1054-55 (8th Cir. 2002) (discussing the purposes of the FDCPA and the "unsophisticated consumer" test); *see also* Minn. R. Prof. Conduct 4.2 & cmt 1 (noting the importance of protecting a represented person from "possible overreaching by other lawyers" and interference with the client-lawyer relationship).

### 2. Notices of Default

The Backlunds also claim that the two notices of default sent to Eric Backlund on May 10, 2011 and May 27, 2011 violated 15 U.S.C. §1692c(a)(2).  Because the Backlunds pled that M&K knew of their representation before M&K sent these two letters to the Backlunds, the Court finds that the Backlunds adequately pled a violation of §1692c(a)(2).[4]  Because the Court finds there is a factual dispute regarding Eric Backlund's consent in the November 2010 stipulation to receive the notices of default **despite any intervening choice to be represented**, judgment on the pleadings would be inappropriate.  *See Porous Media*, 186 F.3d at 1079.  Consequently, the Court will deny Defendants' motion to dismiss to the extent that the Backlunds' complaint alleges violations of 15 U.S.C. §1692c(a)(2).

---

[4] The Court also finds that to the extent the Backlunds pled other violations of the FDCPA but did not enumerate what sections were violated, their Complaint is insufficiently specific.

### C. Notice of Intent to Garnish

The Backlunds allege that by serving garnishment summons to Eric Backlund's employer without first serving him a notice of intent to garnish, M&K failed to comply with Minn. Stat. § 571.924 and "violated numerous and multiple provisions of the FDCPA, including but not limited to" 15 U.S.C. §§ 1692c(b), 1692d, 1692e, and 1692f. (Am. Compl. ¶ 39.)[5]

The Backlunds have not properly alleged violations of each of these sections, however. Section 1692c(b) states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). The Backlunds do not explain what conduct constitutes a violation of this section. Indeed, communication with Eric Backlund's employer does seem to be necessary to "effectuate a postjudgment judicial remedy" and hence is not violative of this provision.

Section 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

---

[5] M&K submits evidence that on August 26, 2011 it sent Anderson a notice of intent to garnish (Zwilling Aff., Exs. C & D) and argues that service of a party represented by an attorney may be made by serving the attorney. This outside evidence of service cannot be properly considered in the context of a motion to dismiss. *See* Fed. R. Civ. P. 12(d); *Porous Media Corp.*, 186 F.3d at 1079.

collection of a debt." The section lists several examples which are not meant to be limiting. 15 U.S.C. § 1692d (prohibiting the threat or use of violence, obscene language and other types of behavior). None of the conduct pled by the Backlunds is akin to any of these examples, and the Backlunds do not explain how M&K or Steve engaged in harassing, oppressive or abusive conduct. Accordingly, the Court finds that the Backlunds have not plausibly stated a claim for relief under § 1692d.

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section also lists several examples which are not meant to be limiting. 15 U.S.C. § 1692e. None of the pled conduct falls within any of the enumerated examples nor do the Backlunds explain how M&K or Steve used false, deceptive or misleading representations. Hence, the Court finds that the Backlunds have not plausibly stated a claim for relief under § 1692e.

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." One of the examples of conduct prohibited by the section is the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). A violation of "§ 1692f(1) can be premised on a violation of either a Minnesota statute or common law." *Reeves v. Messerli & Kramer, P.A.*, No. 11-729, 2012 WL 926063, at *4 (D. Minn. Mar. 16, 2012). The Backlunds have pled that M&K violated Minn. Stat. § 571.924 by failing to serve Eric Backlund a notice of garnishment

summons. Because the Court cannot consider on this motion the parties' dueling evidence as to whether Backlund in fact received a summons, the Court must take this allegation as true. Therefore, since the Court concludes that the Backlunds have adequately pled a violation of Minn. Stat. § 571.924, the Court further concludes that the Backlunds have plausibly pled a violation of 15 U.S.C. § 1692f(1). On these facts, however, the Backlunds have failed to specifically plead any other violation of the FDCPA.

### D.   Garnished Wages

The Backlunds allege that M&K's failure to return the $886.90 garnished from Eric Backlund's wages is a violation of "numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f." (Am. Compl. ¶ 55.) Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Backlunds do not point to any cases where a debt collector was found liable under § 1692f for retaining funds after it was determined they were exempt, *see Reeves*, 2012 WL 926063, at *5, or for directing a debtor to apply to the creditor instead of returning the funds. Nor do the Backlunds explain how M&K's conduct falls within the prohibited conduct enumerated in the statute; failure to return wages does not fall within the plain language of § 1692f, which applies only to collection or attempts to collect debt. The Court, while not condoning M&K's practices, finds that M&K's alleged failure to return garnished wages does not constitute a violation of § 1692f, and that these facts do not support a claim for relief.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Messerli & Kramer, P.A. and Steve Doe's Motion to Dismiss Plaintiffs' Amended Complaint [Docket No. 9] is **GRANTED in part** and **DENIED in part**, as follows:

1. The Rule 12(b)(1) motion is **DENIED**.

2. The Rule 12(b)(6) motion is **DENIED** as to (1) the Backlunds' claims that the March 31, 2011 phone call and May 10, 2011 and May 27, 2011 letters violated 15 U.S.C. §1692c(a)(2) and (2) the Backlunds' claim that garnishment without proper notice supports a violation of 15 U.S.C. § 1692f(1). The Rule 12(b)(6) motion is **GRANTED** in all other respects.

3. The Rule 12(f) motion is **DENIED**.

DATED:  August 17, 2012  
at Minneapolis, Minnesota.

             ____s/ John R. Tunheim____  
               JOHN R. TUNHEIM  
              United States District Judge